**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY et al., Plaintiffs**

**v.**

**SWITCHMEN'S UNION OF NORTH AMERICA, an unincorporated association, et al., Defendants.**

**Civ. No. 8871.**

United States District Court
W. D. New York.

Oct. 1, 1960.

582

Sidley, Austin, Burgess & Smith, Chicago, Ill., Vaughan, Brown, Kelly, Turner & Symons, Buffalo, N. Y. (Walter J. Cummings, Jr., Chicago, Ill. and John E. Leach, Buffalo, N. Y., of counsel), for plaintiffs.

Leibik & Weyand, Chicago, Ill., John T. Collins, Buffalo, N. Y. (Lee Leibik, Chicago, Ill., of counsel), for defendants.

Neil R. Farmelo, U. S. Atty., Buffalo, N. Y., for United States amicus curiæ.

HENDERSON, District Judge.

This action arises out of a "major dispute", in the parlance of the Railway

Labor Act (45 U.S.C.A. § 151 et seq.), as to which the Act prescribes certain procedures of negotiation, mediation, voluntary arbitration and, in specified instances, investigation and report by an Emergency Board, with various waiting periods during which strike action may not be engaged in. Plaintiffs claim that the defendant Union has not engaged in all necessary procedures preliminary to a strike due to its failure to negotiate *in good faith*. In support of this contention, plaintiffs cite the language of Section 10(f) of the Union's constitution,[1] which requires approval by referendum of the membership before any agreement can be reached between the union and the carriers. It is agreed that no union officer or group less than the entire membership has authority to finally validate such an agreement. The plaintiffs contend that the negotiating committee for the union, by virtue of the constitution's restrictive language, is not able to negotiate in good faith but can merely engage in messenger services, transmitting carrier offers to the membership and informing the carriers of the result. Although a proposal was worked out in conference between representatives of management and the union in July, 1960, it was submitted to the membership without recommendation by the union officials and was defeated in the referendum vote. A strike was ordered thereafter without further negotiation between plaintiffs and defendant Union, and this action was commenced. A temporary restraining order was issued on September 16, 1960, and a hearing on plaintiffs' motion held on September 26, 1960. With the court's permission, the National Mediation Board has filed a brief supporting plaintiffs' contention that the provisions of Section 10(f) of the Union constitution are violative of the Railway Labor Act.

Section 2 First and Second of the Act (45 U.S.C.A. § 152 First and Second) specify the duty of the parties to a railroad dispute with regard to negotiation of that dispute. The section provides:

"First. It shall be the duty of all carriers, their officers, agents, and employees to exert every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions, and to settle all disputes, whether arising out of the application of such agreements or otherwise, in order to avoid any interruption to commerce or to the operation of any carrier growing out of any dispute between the carrier and the employees thereof.

"Second. All disputes between a carrier or carriers and its or their employees shall be considered, and, if possible decided, with all expedition, in conference between representatives designated and authorized so to confer, respectively, by the carrier or carriers and by the employees thereof interested in the dispute."

■■ The obvious intent of the statute was to facilitate the expeditious resolution of disputes in a major and crucial national industry affecting the welfare not only of the parties but of the country as a whole. Whatever may be the precise limits of the duty to negotiate as imposed by the above provisions, the court is satisfied that the duty is not performed by placing at the bargaining

---

1. Section 10(f) of The Constitution of the Switchmen's Union of North America, AFL–CIO, provides in part as follows:

"No authority shall exist to settle a general wage and/or rules movement arising from direct negotiation with a carrier or from mediation excepting only after approval by a majority vote of the membership as hereinafter set forth. * * * No authority shall exist to agree to submit to arbitration excepting only after there is an approval to submit to arbitration by a majority vote of the membership. * * * No authority shall exist to accept any recommendation of an emergency board excepting only after approval of the same by a majority vote of the membership voting. If a majority of the membership voting fails to approve the recommendation of the emergency board then the International President must immediately set another strike date and withdraw the members from service. * * *"

584

table persons who are divested of authority to decide, who in fact refrain from presenting specific proposals or counter-proposals on behalf of the union, and who, when an offer is made for presentation to the membership, refuse either to sign or to recommend its adoption by the membership. The result is, in my opinion, to frustrate the intent of the Act to facilitate the expeditious settlement of labor-management disputes under the Act

The court is satisfied that the Norris-LaGuardia Act (29 U.S.C.A. § 101 et seq.) does not divest it of jurisdiction to grant the relief requested on this motion for a preliminary injunction. The question whether the Norris-LaGuardia Act applies to a situation, such as this, where an injunction is sought restraining a strike in a "major dispute" for the reason that procedures preliminary to a legal strike have not been fully complied with, was fully considered and answered in the negative by American Airlines, Inc. v. Air Line Pilots Ass'n, International, D.C., S.D.N.Y.1958, 169 F.Supp. 777, at pages 783–789, which I consider correct and applicable to the situation before me. Although in the case at bar the dispute has been processed through all the steps required by the Railway Labor Act after a Section 6 notice (45 U.S.C.A. § 156), including an Emergency Board and the thirty day wait thereafter, the duty to negotiate involves not merely the obligation to observe the form of negotiation, but also the duty to negotiate in good faith. See Elgin, Joliet & Eastern R. Co. v. Burley et al., 1945, 325 U.S. 711, 721–722 (n. 12), 65 S.Ct. 1282, 89 L.Ed. 1886. The plaintiffs have made a sufficient showing that a strike at the present time would violate the Railway Labor Act due to the failure of the defendants to exhaust the procedures of the Act, and accordingly the relief requested will be granted. The questions presented are not frivolous but are "so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investiga-

tion." Hamilton Watch Co. v. Benrus Watch Co., 2 Cir. 1953, 206 F.2d 738, 740.

Findings of fact and conclusions of law have been separately filed on this motion. Nothing expressed in this decision will be taken as in any way disposing of issues raised in the complaint and not discussed herein.

It is ordered that plaintiffs' motion for a temporary injunction is granted, as prayed for in the complaint, on the condition that plaintiffs first file with the Court a bond in the sum of $10,000.